■ EARL J. WEINREB, Individually and as Trustee for SELMA WEINREB and Others, Appellant, v LESTER MORSE, Respondent. —In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered July 10, 1985, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by granting the motion only with respect to the plaintiff's claims for punitive damages, and otherwise reinstating the complaint. As so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff was a shareholder in C.O.G. Energy Services, Inc. (hereinafter COG). At the time of the events in question, the defendant served as COG's attorney. In a transaction in which the defendant, pursuant to the terms of a trust agreement, served as the escrow agent, the plaintiff sold shares of

COG stock, which he owned individually and which had been held in trust, to one Oded Benary, who delivered a letter of credit to the defendant. The letter of credit was allegedly drawn on an offshore bank, which was not FDIC insured, and not a member of the Federal Reserve System. The check was dishonored upon presentment by the defendant.

The plaintiff contends that the defendant, in addition to serving as counsel to COG and as an escrow agent, served as the plaintiff's personal attorney and that the defendant committed legal malpractice and was in breach of the parties' contract to provide specified legal services in that the defendant failed to obtain a valid letter of credit from Benary. The plaintiff seeks to recover from the defendant consequential damages as a result of the defendant's alleged negligence, which the plaintiff claims to consist of loss of the plaintiff's down payment, loss of certain consulting fees which the plaintiff agreed to relinquish as a condition of the sale of his stock to Benary, and the diminution of the value of the plaintiff's stock, now in Benary's hands, which the plaintiff claims resulted from COG's passing into Benary's control.

The court granted the defendant's motion for summary judgment, finding that the evidence was clear that in the transaction with Benary, the defendant was merely an escrow agent and not the plaintiff's attorney. The plaintiff, however, presented evidence that long before the execution of the trust agreement, in which the defendant agreed to serve as an escrow agent, the plaintiff had engaged the defendant as the plaintiff's personal attorney, that the defendant had acted as the plaintiff's personal attorney while serving as counsel to COG, and that with reference to the transaction with Benary, the plaintiff had discussed with the defendant matters that one would discuss with an attorney with reference to such a transaction. Inasmuch as on a motion for summary judgment, the key is " 'issue-finding, rather than issue-determination' " (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404), we find that a triable issue has been raised as to whether, in the plaintiff's transaction with Benary, the defendant acted as the plaintiff's attorney as well as the escrow agent.

We observe that Special Term, in finding that the plaintiff suffered no loss as a result of the dishonor of the letter of credit from Benary, made no ruling on the issue of whether the plaintiff suffered damages as a result of the plaintiff having entered into the transaction with Benary. Accordingly, we make no determination concerning the plaintiff's possible

entitlement to the consequential damages which he seeks. However, we determine that the plaintiff has not demonstrated any entitlement to punitive damages. Brown, J. P., Weinstein, Rubin and Sullivan, JJ., concur.